FILED by \_\_\_\_ D.C.
ELECTRONIC

June 17, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

MOSHE BAHIRI,

    Plaintiff,

**09-21677-Cv-Gold/McAliley**

vs.

MADISON REALTY CAPITAL
ADVISORS, LLC, a Delaware
limited liability company,
BRIAN J. SHATZ, an individual,
JOSHUA B. ZEGEN, an individual,
and LAZAR FRUCHTER, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Moshe Bahiri, by his undersigned counsel, hereby brings his claims against Defendants, Madison Realty Capital Advisors, LLC, Brian J. Shatz, Joshua B. Zegen, and Lazar Fruchter and petitions the Court for a preliminary injunction enjoining defendants from withdrawing from, closing or otherwise transacting any bank account maintained by Defendant Madison Realty Capital Advisors, LLC, specifically including, but not limited to, any account maintained at Signature Bank, New York, New York; to maintain the status quo of all accounts maintained by Madison Realty Capital Advisors, LLC, wherever situated; and providing an accounting of all transactions conducted by Madison Realty Advisors, LLC from April 30, 2007, pending a final hearing on the merits of the matters complained of within.

1

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332 involving disputes between citizens of different states and where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. This Court is an appropriate venue of this action pursuant to 28 U.S.C. § 1391 because a substantial portion of material events or omissions upon which the within claims are based occurred in this judicial district.

## The Parties

3. Plaintiff Moshe Bahiri is a resident of Florida, residing in Miami-Dade County, Florida.

4. Defendant Madison Realty Capital Advisors, LLC ("Madison Advisors"), is a Delaware limited liability company with its principal place of business in New York, New York.

5. Defendant Brian J. Shatz ("Shatz") is a resident of New York.

6. Defendant Joshua B. Zegen ("Zegen") is a resident of New York.

7. Defendant Lazar Fruchter ("Fruchter") is a resident of Israel.

## Relevant Facts

8. Prior to April 30, 2007, Plaintiff was one of several members of Madison Advisors.

9. On or about April 30, 2007, Plaintiff and Madison Advisors agreed that Madison Advisors would redeem Plaintiff's membership interest in Madison Advisors (the "Madison Advisors Redemption").

2

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117

10. In order to effectuate the Madison Advisors Redemption, Plaintiff and Madison Advisors entered into the "Redemption, Withdrawal and Waiver Agreement" (hereinafter referred to as the "Madison Advisors Redemption Agreement"), a copy of which is attached hereto as Exhibit 1.

11. In addition to the Madison Advisors Redemption Agreement, Plaintiff and Madison Advisors also entered into a "Consulting Services Agreement" (hereinafter referred to as the "Consulting Agreement"), a copy of which is attached hereto as Exhibit 2.

12. Pursuant to the terms of the Madison Advisors Redemption Agreement, Madison Advisors was to pay Plaintiff a distribution of $400,000.00, which was compensation that was owed to him as of April 30, 2007, and $4,000,000.00 as the redemption value of Plaintiff's interests in Madison Advisors (the "Redemption Price").

13. The aforementioned $400,000.00 distribution was to be paid to Plaintiff in two (2) installments of $200,000.00: the first being on June 29, 2007, and the second being within thirty (30) days of the first.

14. The Redemption Price was to be paid to Plaintiff in eight (8) equal installments of $500,000.00 on July 31, 2007; September 30, 2007; December 31, 2007; March 31, 2008; June 30, 2008; September 30, 2008; December 31, 2008; and April 30 2009.

15. Pursuant to the terms of the Consulting Agreement, Madison Advisors was to pay Plaintiff $250,000.00 per year for two years in exchange for Plaintiff's work as a

3

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117

3 of 15

consultant when needed. The compensation was to be paid in equal monthly installments, one month in arrears.

16. In conjunction with the payment schedule set forth for the redemption of Plaintiff's interests in Madison Advisors, the Madison Advisors Redemption Agreement provided that "[d]uring any period in which [Madison Advisors is behind in its obligation to pay the redemption amount for Plaintiff's interest], [Madison Advisors] shall not pay, directly or indirectly, any remuneration, distribution or other compensation to its Members in excess of that part of the $250,000 annual salary then payable to each of its active Members (currently Brian J. Shatz, Mark Bahiri and Joshua Zegen) in accordance with [Madison Advisors]'s regular payroll practices

17. Madison Advisors paid Plaintiff the $400,000.00 it owed him pursuant to the terms of the Madison Advisors Redemption Agreement.

18. Madison Advisors made the following payments to Plaintiff toward the Redemption Price: $500,000.00 on or about July 31, 2007; $500,000.00 on or about September 30, 2007; and $500,000.00 on or about December 31, 2007.

19. Madison Advisors made no further payments toward the Redemption Price to Plaintiff, and presently owes Plaintiff $2,500,000.00 in principal pursuant to the terms of the Madison Advisors Redemption Agreement, all of which is past due.

20. Madison Advisors made certain payments to Plaintiff pursuant to the terms of the Consulting Agreement, but Madison Advisors has failed to pay Plaintiff for March 2009, and April 2009.

4

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117

21. Madison Advisors presently owes Plaintiff $41,666.67 pursuant to the terms of the Consulting Agreement, and that whole amount owed is past due.

22. Although Madison Advisors failed to make any payments to Plaintiff pursuant to the terms of the Madison Advisors Redemption Agreement after the contractual December 31, 2007 payment date, Madison Advisors paid compensation during that time to its remaining members, and other parties, in excess of the limits established in the Madison Advisors Redemption Agreement for periods during which Madison Advisors was behind in its obligation to pay Plaintiff.

23. Specifically, during 2008, a period in which Madison Advisors was behind in its obligation to pay Plaintiff, Defendant Shatz was paid, directly or indirectly, $572,963.27 - $322,963.27 more than what was allowed pursuant to the terms of the Madison Advisors Redemption Agreement.

24. During the same period referenced in paragraph 27, Defendant Zegen was paid, directly or indirectly, $572,963.27 - $322,963.27 more than what was allowed pursuant to the terms of the Madison Advisors Redemption Agreement.

25. During the same period referenced in paragraph 27, Defendant Fruchter was paid, directly or indirectly, $572,963.27 - $572,963.27 more than what was allowed pursuant to the terms of the Madison Advisors Redemption Agreement, which did not allow for any compensation to be paid to Defendant Fruchter during the relevant period

26. Through April 2009, Defendant Shatz was paid, directly or indirectly, $190,000.00 in 2009 - $106,667.00 more than what was allowed pursuant to the terms of the Madison Advisors Redemption Agreement for that time period.

5

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117

27. Through April 2009, Defendant Zegen was paid, directly or indirectly, $190,000.00 in 2009 - $106,667.00 more than what was allowed pursuant to the terms of the Madison Advisors Redemption Agreement for that time period.

28. Each and every condition precedent to bring this action has been performed, waived or otherwise excused.

## COUNT 1

### Injunctive Relief – Madison Advisors and Individual Defendants

29. Plaintiff adopts and realleges paragraphs 1 through 28 above as if fully set forth herein.

30. During periods in which the members of Madison Advisors were barred from receiving more than $250,000.00 per year of total compensation each from Madison Advisors, the members (Defendants Shatz and Zegen and Mark Bahiri) and Defendant Fruchter (who was entitled to no compensation while Madison Advisors was behind in its obligation to Plaintiff) received in excess of $1,700,000.00 more than their permitted compensation.

31. Moreover, during 2007, Defendants Shatz, Zegen, and Fruchter and Mark Bahiri received a total of more than $3,600,000.00 in compensation above what was guaranteed to them as compensation. The additional compensation depleted the funds available to pay Plaintiff during the following year and all but guaranteed that Madison Advisors would fall behind in its obligation to Plaintiff during 2008.

6

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117

6 of 15

32. All of the compensation paid to Defendants Shatz, Zegen, and Fruchter was accomplished by the acts of said defendants which caused Madison Advisors to pay each of them.

33. Under these circumstances, Plaintiff can conclude only that the individual Defendants intentionally, and without any business purpose, paid themselves excessive compensation in order to prevent Plaintiff from receiving compensation for his interests in Madison Advisors.

34. Plaintiff is aware that presently Madison Advisors either has in its possession in excess of $2,000,000.00 cash or is entitled to such amount from a pending loan repayment.

35. Plaintiff fears, based on his knowledge of how Madison Advisors has been doing business, that the individual defendants will liquidate Madison Advisors' available cash by paying compensation to themselves in exclusion of any payments to Plaintiff, who is still owed in excess of $2,500,000.00 in principal pursuant to the terms of the Madison Advisors Redemption Agreement.

36. Under these circumstances, the likelihood of success on the merits of a claim of breach of contract by Plaintiff against Defendants is substantial.

37. Further, under the circumstances, the damage to Plaintiff by the absence of the requested injunctive relief substantially outweighs any purported harm to Defendants by the granting of such relief, especially since the individual Defendants have received far more compensation than that to which they were entitled during the relevant time period.

7

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117

7 of 15

38.  For the reasons stated above, the preliminary injunction and right of seizure of all of Madison Advisors' bank accounts is appropriate.

WHEREFORE, Plaintiff requests that the Court enter a judgment in his favor and against Madison Advisors, Shatz, Zegen, and Fruchter:

   a.  Preliminarily enjoin, without bond, the individual defendants, or any of them, from transacting any business whatsoever from any bank account maintained by them on behalf of, or in the name of, Madison Advisors, in whole or in part;

   b.  Grant a writ of seizure with the of freezing all banking or other financial institution accounts maintained by the individual defendants, or any of them, on behalf of, or in the name of Madison Advisors, in whole or in part;

   c.  Directing that Madison Advisors and the individual Defendants provide an immediate accounting of all transactions entered into by Madison Advisors since April 30, 2007;

   d.  Directing that Madison Advisors and the individual Defendants provide an immediate accounting of all compensation paid to the individual defendants herein since April 30, 2007;

   e.  Awarding Plaintiff attorneys' fees and costs; and

   f.  Such further and other supplemental relief as the Court may deem appropriate.

8

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117

8 of 15

## COUNT 2

### Breach of Consulting Agreement – Madison Advisors

39. Plaintiff adopts and realleges paragraphs 1 through 28 above as if fully set forth herein.

40. As more fully set forth above, Plaintiff and Madison Advisors entered into a Consulting Agreement whereby Plaintiff was to provide consulting services to Madison Advisors when needed and Madison Advisors was to pay Plaintiff an annual salary of $250,000.00.

41. Madison Advisors breached the Consulting Agreement by failing to pay monthly payments toward Plaintiff's salary for the months of February, March and April of 2009.

42. Plaintiff has been damaged by Madison Advisors' breach of the Consulting Agreement.

WHEREFORE, Plaintiff requests that the Court enter a judgment in his favor and against Madison Advisors:

    a. Awarding Plaintiff actual damages;

    b. Awarding Plaintiff consequential damages;

    c. Awarding Plaintiff pre-judgment and post-judgment interest on any award;

    d. Awarding Plaintiff attorneys' fees and costs; and

    e. Such further and other supplemental relief as the Court may deem appropriate.

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117

## COUNT 3

### Breach of Madison Advisors Redemption Agreement - Madison Advisors

43. Plaintiff adopts and realleges paragraphs 1 through 28 above as if fully set forth herein.

44. As more fully set forth above, Plaintiff and Madison Advisors entered into the Madison Advisors Redemption Agreement whereby Madison Advisors was to pay Plaintiff $4,000,000.00 in exchange for Plaintiff's interest in Madison Advisors.

45. Madison Advisors materially breached the Madison Advisors Redemption Agreement by failing to pay Plaintiff the sums due under the agreement.

46. Plaintiff has been damaged by Madison Advisors' failure to pay Plaintiff pursuant to the terms of the Madison Advisors Redemption Agreement.

WHEREFORE, Plaintiff requests that the Court enter a judgment in his favor and against Madison Advisors:

    a. Awarding Plaintiff actual damages;

    b. Awarding Plaintiff consequential damages;

    c. Awarding Plaintiff pre-judgment and post-judgment interest on any award;

    d. Awarding Plaintiff attorneys' fees and costs; and

    e. Such further and other supplemental relief as the Court may deem appropriate.

10

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117

## COUNT 4

### Breach of Fiduciary Duty – Shatz and Zegen

47. Plaintiff adopts and realleges paragraphs 1 through 28 above as if fully set forth herein.

48. As members of Madison Advisors who are either managers or who exercise control over the day to day operations of Madison Advisors, Shatz and Zegen owe a fiduciary duty to Plaintiff, a withdrawing member of Madison Advisors.

49. Defendants Shatz and Zegen caused Madison Advisors to pay to them compensation in excess to what was reasonable and allowed pursuant to contract and such amounted to a breach of that fiduciary duty.

50. Defendants Shatz and Zegen's breach caused Plaintiff to suffer damages.

WHEREFORE, Plaintiff requests that the Court enter a judgment in his favor and against Defendants Shatz and Zegen;

    a. Awarding Plaintiff actual damages;

    b. Awarding Plaintiff pre-judgment and post-judgment interest on any award;

    c. Ordering equitable relief in the form of an accounting of all compensation each of them received, directly or indirectly, from Madison Advisors;

    d. Ordering repayment to Madison Advisors of all compensation improperly paid to Shatz and Zegen, their agents or assigns;

    e. Granting Plaintiff such other and further relief as the Court deems just and proper.

11

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117

11 of 15

## COUNT 5

### Aiding and Abetting Breach of Fiduciary Duty – Lazar Fruchter

51. Plaintiff adopts and realleges paragraphs 1 through 28 above as if fully set forth herein.

52. Fruchter was aware that Shatz, Zegen and Mark Bahiri were members who were either managers or exercised control over the day to day operations of Madison Advisors at all times material hereto.

53. Fruchter was an investor in Madison Advisors at all times material hereto.

54. Fruchter had knowledge of the breach of fiduciary duty by Shatz and Zegen, and aided and abetted the breach by receiving compensation to which he was not entitled.

55. In so doing, Fruchter furnished substantial assistance to and for the wrongdoing by Shatz and Zegen including by receiving funds to which he was not entitled.

WHEREFORE, Plaintiff requests that the Court enter a judgment in his favor and against Lazar Fruchter;

a. Awarding Plaintiff actual damages;

b. Awarding Plaintiff pre-judgment and post-judgment interest on any award; and

c. Granting Plaintiff such other and further relief as the Court deems just and proper.

12

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117

## JURY DEMAND

Plaintiff hereby demands a jury on all issues triable by a jury.

Dated this 16TH day of June 2009.

                PERLMAN, YEVOLI & ALBRIGHT, PL
                Counsel for Plaintiff
                Museum Tower
                200 South Andrews Avenue, Suite 600
                Fort Lauderdale, Florida 33301
                T: 954.566.7117
                F: 954.566.7115

                By: _____
                Paul D. Turner
                FBN: 0113743
                E-mail: pturner@pyalaw.com
                Joseph R. Gosz
                FBN: 0570311
                E-mail: jgosz@pyalaw.com

13

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117

13 of 15

≳JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Moshe Bahiri

### DEFENDANTS
Madison Realty Capital Advisors, LLC
Brian J. Shatz

(b) County of Residence of First Listed Plaintiff  Miami-Dade County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New York County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Paul D. Turner
Perlman, Yevoli & Albright, PL
Museum Tower
200 South Andrews Avenue, Suite 600

Attorneys (If Known)

1:09CV21677 ASG/Cmm

(d) Check County Where Action Arose:  ☑ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO       b) Related Cases ☐ YES ☑ NO
JUDGE                                                     DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Breach of contract in excess of $75,000.00 between diverse parties under 28 USC sec. 1332.
LENGTH OF TRIAL via  7  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 2,541,666.67
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
June 16, 2009

FOR OFFICE USE ONLY
AMOUNT  350.00      RECEIPT #  546581      IFP

JS 44 Reverse (Rev. 02/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

(d) Choose one County where Action Arose.

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States District Courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  **Related/Refiled Cases.** This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

VII.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VIII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.